## Adolph Pike v. Walter C. Hately.

62  387
162s 241
62  387
64  175

62    387
e98  s 29

1. PRESUMPTIONS—*Signatures upon the Backs of Promissory Notes.*— A person who is not a party to a promissory note, which is to become a valid obligation against the maker upon its delivery to the payee by writing his name in blank upon the back of the note, is presumed to assent to the obligation of a guarantor.

2. SAME—*When an Indorser.*—Where a note creates no valid obligation against the maker, and can create none until it is indorsed and transferred by the payee, the presumption is that a person writing his name in blank upon the back of the note assumes the obligation of an indorser.

3. PROMISSORY NOTES—*Parol Evidence Inadmissible to Vary the Contract of Indorsement.*—Where the payee of a note writes his name twice across the back of it, and is sued as a guarantor thereon, evidence that he agreed, at the time he transferred it, to guarantee the note,

is not admissible. The name of a payee appearing on the back of a note is evidence that he is an indorser, and proves him to be such as fully as if the agreement were written out in words, and parol evidence is not admissible to vary or contradict it.

4. Same—*Indorsements Construed.*—Where a note made by a corporation is payable to Adolph Pike, President, indorsements thereon by Adolph Pike and Adolph Pike, President, will not be regarded as indorsements by two persons. The indorsement of Adolph Pike, President, is of Adolph Pike with a *descriptio personarum.*

Assumpsit.—Contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the October term, 1895. Reversed and judgment entered in this court. Opinion filed February 11, 1896.

## Statement of the Case.

In September, 1892, the appellant, Pike, in behalf of the Exposition Depot & Hotel Company, of which he was the president, negotiated a loan from appellee through Cooper & Burhans; to secure the loan the company gave a mortgage or trust deed to W. D. Cooper, and, as additional security, and a further consideration for making the loan, the appellant was required to personally indorse the notes evidencing the loan; the loan was satisfied in part by a foreclosure of the trust deed, as appears by indorsement dated July 31, 1894, and later on, September 22, 1894, a further payment was indorsed thereon as made by W. D. Cooper, receiver, leaving an unpaid balance for which this suit was brought against appellant as guarantor, and on which judgment was rendered hereon in the Circuit Court.

The instrument upon which suit was brought against appellant is as follows :

"$10,000.00.                    Chicago, September 17, 1892.

Two (2) years after date, for value received, The Exposition Depot and Hotel Company, promises to pay to the order of Adolph Pike, President, the principal sum of ten thousand dollars in gold coin of the United States of America, with interest thereon at the rate of seven (7) per cent per annum, payable semi-annually, on the seventeenth day of March and September, according to the tenor of

and as evidenced by the four interest notes or coupons hereto annexed. Both principal and interest are payable at the office of Cooper & Burhans, Chicago, Illinois. This note is secured by a trust deed of even date herewith, to William D. Cooper, on real estate in Chicago, Cook County, Illinois, and is to bear interest at the rate of seven per cent per annum, after maturity.

The Exposition Depot and Hotel Company,<br>
Adolph Pike, President.<br>
Eli Brandt, Secretary."

After the delivery of the note thus indorsed, there was written over the second indorsement of appellant, but without his consent, the following:

" For value received, I hereby guarantee the payment of this note and interest at maturity or at any time thereafter."

The words " pay to the order of Walter C. Hately " were, after appellant had thus twice written his name, and after its delivery by him, written above his name without his consent.

The court admitted evidence tending to show that appellant in making the second indorsement intended to guarantee the payment of the note; and that he had agreed to do so.

Jesse Cox, attorney for appellant.

Burhans & Hill, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The Supreme Court, in Blatchford v. Milliken, 35 Ill. 434, said:

" It is the settled law of this State, that a person who is not a party to a promissory note which is to become a valid obligation against the maker upon its delivery to the payee, by writing his name in blank upon the back of the note, is presumed to assent to the obligation of a guarantor. 3 Scam. 437; 3 Id. 497; 13 Ill. 682; 14 Id. 240; 17 Id. 465; 25, Id. 91.

But where the note creates no valid obligation against the maker, and can create none until it is indorsed and transferred by the payee, the presumption is that a person writing his name in blank upon the back of the note assumes the obligation of an indorser.

Inasmuch as the note can never have any validity until the name of the payee appears upon it as an indorser, the person writing his name in blank upon the note understands that, when the note takes effect, his name will appear upon it as a second indorser, and it is reasonable to conclude that such was the position which he intended to occupy. Bogue v. Mellick, 25 Ill. 91; Bigelow v. Colton, 13 Gray (Mass.) 309; Lake v. Stetson, 13 Id. 310; Capp v. Rice, 13 Gray 404, 405 n.

All persons receiving a note thus payable and so indorsed are apprised of the apparent obligations of the indorsers, and if they rely upon any other obligation, it is their duty to ascertain whether it exists. Any other obligation is *dehors* the instrument. An authority to fill out an undertaking over a signature is to be exercised consistently with the nature of the instrument and the intention of the parties. From the nature of a note payable to the maker's own order, it is known what the law will presume was the intention of the parties in indorsing it in blank; and if any agreement is written over the signature inconsistent with such presumption, it is the duty of the persons receiving the note to ascertain how and by what authority it was written there."

In Johnson v. Glover, 121 Ill. 283, it appeared, as in the present case, that the payee of a note had twice written his name on the back of the instrument. Being sued as a guarantor, evidence was admitted, as in the case at bar, to show that the defendant at the time he sold the note agreed to guarantee it, and for that purpose wrote his name across the back twice. The Supreme Court held that the evidence was improperly admitted; that the name of a payee appearing on the back of a note is evidence that he is an indorser, and proves him to be an indorser as fully as if the agree-

ment were written out in words, and that parol evidence is no more admissible to vary or contradict this than any other written contract; that the fact that the payee twice wrote his name on the back of the note, does not raise any different presumption.

That case controls this. Evidence that appellant agreed to guarantee the note was therefore improperly admitted.

We do not regard the indorsements " Adolph Pike, President," and "Adolph Pike," as by two persons. The note is payable to " Adolph Pike, President," and " The Exposition Company " is the maker of the note; the same being executed by it through Adolph Pike, president, and Eli Brandt, secretary.

The payee of the note is not the maker, but another person. The indorsement "Adolph Pike, President," is of Adolph Pike, with a *descriptio personarum.* The declaration is not that the Exposition Company made its note payable to its own order, and it thereafter indorsed the same by the hand of Adolph Pike, its president, but that it made its note payable to the order of Adolph Pike, president, and that Adolph Pike, president, indorsed the same in writing to Walter C. Hately.

The judgment of the Circuit Court is reversed, and a judgment for appellant here entered.