### George W. Fisk v. The Carbonized Stone Co., Christian Kurz and E. W. Huncke.

1.  CORPORATION—*Who Authorized to Sign Notes for.*—The president and secretary are the usual and proper agents of a corporation through whom its name is, and should be affixed to its promissory notes.   These officers have, by virtue of their offices, authority to execute promissory notes of the corporation, unless their authority in that respect is specifically limited.

2. CONSTRUCTION—*Of Instruments in Writing.*—In construing a written instrument, effect must be given, if possible, to every word.

3. CORPORATIONS—*Officers not Liable on Contract on Behalf of, if Authorized.* —Where a party signs his name as officer or agent of a corporation to evidences of indebtedness executed in its ordinary business, if it appears that it is the obligation of the corporation, and the agent or officer had authority to bind the corporation, he is not personally liable.

4. ASSIGNMENT OF ERROR—*By Plaintiff—On Judgment in His Favor.* —A plaintiff may assign for error the rendition of a judgment in his favor against one of several defendants who have been sued jointly as the makers of a promissory note.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

### STATEMENT OF THE CASE.

This was an action of assumpsit brought on the following instrument:

" $800.                           CHICAGO, Oct. 26, 1895.

Two months after date we promise to pay to the order of Phœnix Stone Co., $800, at 300 Clybourn Ave., Chicago. Value received.

CARBONIZED STONE Co., of Chicago.

CHRISTIAN KURZ, Pres.

E. W. HUNCKE, Secy.

No. 457.      Due Dec. 28."

The plaintiff declared on this instrument, impleading the Carbonized Stone Company, Christian Kurz and E. W. Huncke, laying damages in $1,500. The declaration contained the common counts and a special count on the note.

A copy of this note was filed with the declaration, and an affidavit of the plaintiff's claim. Pleas of the general issue and a denial of joint liability, verified, were filed by the defendant Kurz, and issue was joined on these pleas. The defendant Huncke and the Carbonized Stone Company filed no pleas. Default was entered against the defendant Huncke, and no evidence was offered on behalf of the defendant Huncke.

The plaintiff requested the court to hold, as a matter of law, that the defendant Christian Kurz was liable personally as a maker of the note in evidence, and that the defendant E. W. Huncke, as a matter of law, was liable as a maker of the note offered in evidence, and that as a matter of fact and law, both Christian Kurz and E. W. Huncke were makers of said note and liable thereon. All of which the court refused.

The court found the issues for the defendant Christian Kurz, and refused to assess damages or enter final judgment against E. W. Huncke, and assessed damages against the Carbonized Stone Co. for the sum of eight hundred and ten dollars and found for the other defendants. The plaintiff filed a motion for a new trial. The court overruled the plaintiff's motion for a new trial, and entered final judgment. The plaintiff entered his exceptions and prayed an appeal to this court.

The following testimony was given upon the trial:

"Mr. Miller: On October 28, 1895, what, if any, relation did you sustain to the Carbonized Stone Company?

Question repeated: A. I was president for the Carbonized Stone Company at that time.

Mr. Miller: Under what circumstances did you sign your name to that note? A. The company owed the Phœnix Stone Company $600. The note was sent up to my office by the secretary of the Phœnix Stone Company. They accepted the note and wanted me to sign it as president and secretary. The secretary sent up to my office for my signature.

Mr. Miller: Did you sign it? A. I signed it and sent it back to him, to the company. They called for it and got it. The Phœnix Stone Company sent for it at the office and got it.

Q. Who signed that 'Carbonized Stone Company, Chicago?'

The Court: If you know?

A. That is, the book-keepers make out the notes; the book-keeper of Mr. Huncke.

Q. That is the secretary? A. Yes, sir.

Q. That is Mr. Huncke's book-keeper? A. Yes, sir. I did.

Q. Did you sign that as president? A. Yes, sir.

Q. You may state whether or not your company, the Carbonized Stone Company, were, at and before the signing of that note, doing business with the Phœnix Stone Company? A. Yes, sir.

Mr. Miller: What business? A. Getting stone of them.

Q. Then you bought stone from them? A. Yes, sir; then we bought stone from them."

Herman M. Zapel testified: "I was manager of the Carbonized Stone Company.

Q. Do you know anything about the execution of this note? A. Yes, sir; some time in the early part of October, Mr. George Pretzel, representing the Phœnix Stone Company, came to me and told me that they were in need of · money. I told him the contracts the Carbonized Stone Company had at the time. They were a little tight on money; and he made the remark to me that they would be willing to take the company's note, two months, sixty days. And on the strength of what he said, I told Mr. Pretzel I would see the president and secretary of the company, and ask them if they would be willing to give the note, and I done so, and after I stated to the president and secretary the case—

The Court: What was done?

A. The note was issued. I am stating my personal knowledge, yes, sir. The note was issued by the secretary.

Mr. Coburn: Wait a moment. Were you the secretary? A. No; I was not the secretary.

Witness (continuing): I was present when the note was made out by the secretary in the company's office, and sent from the company's office to Mr. Kurz, the president."

HENRY M. COBURN, attorney for appellant.

LACKNER & BUTZ, attorneys for Christian Kurz, appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The president and secretary are the usual and proper agents of a corporation, through whom its name is and should be affixed to its promissory notes. Those officers have, by virtue of their offices, authority to execute promissory notes of the corporation, unless their authority in that respect is specifically limited. Poole et al. v. West Point B. & C. A., 30 Fed. Rep. 513; Miers v. Coates, 57 Ill. App. 216.

In construing a written instrument, effect must be given, if possible, to every word.

" Where a party signs his name as cashier or agent of a banking, railroad, or other corporation, in drawing drafts and bills, or other evidence of indebtedness in its ordinary business, if it appears that it is the obligation of the corporation, and the cashier or agent, or other officer, had authority to bind the corporation, he is not personally liable." Scanlon v. Keith, 102 Ill. 634; Hypes v. Griffin, 89 Ill. 134; Newmarket Savings Bank v. Gilett, 100 Ill. 254; Draper v. Mass. S. H. Co., 87 Mass. 338.

Upon its face, and by the oral testimony at the trial, the note in question appears to be that of the stone company, only.

Three persons, having been sued in assumpsit, judgment was rendered against one, only. Appellant, who brought the suit and obtained this judgment, now assigns that it was error to render judgment against one only; that the recovery should have been against all, or none.

As plaintiff's judgment against the stone company does him no harm, we should have thought that appellant could not assign as error that of which he can not justly complain; but that the Supreme Court, in Kingsland et al. v. Koeppe et al., 137 Ill. 344, held that this can be done, reversing the judgment of this court in the same case, reported in 35 Ill. App. 81.

The judgment of the Circuit Court is, for the error last mentioned, reversed, and the cause remanded.