Harris v. Coleman & Ames White Lead Co.

---

## Arthur Harris v. Coleman & Ames White Lead Co. et al.

1. PROMISSORY NOTES—*Oral Evidence Not Admissible to Vary the Import of.*—Oral evidence will not be heard to vary the import of a promissory note.

2. SAME—*When the Addition to the Name of a Signer is a Mere Descriptio Personæ.*—A note in following form, viz.—

"$1,000.00                                        CHICAGO, March 7th, 1893.

Sixty days after date I or we promise to pay to the order of Geo. P. Harris & Bro., one thousand 00–100 dollars, with interest at 7 per cent per annum from date, at 218 1st Nat'l Bk. Bldg.

                              COLEMAN & AMES WHITE LEAD CO.,

Coleman & Ames            Per C. I. WILLIAMS, Sec.
       [SEAL]                     GEORGE J. WILLIAMS,
White Lead Co.,                        Genl. Mangr.
   Chicago, Ill."—

is the note of the Coleman & Ames White Lead Company and George J. Williams, and parol evidence is not admissible to show that the said

George J. Williams signed the same in any other character than as a joint maker with the white lead company.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed, and judgment entered in this court, with a finding of facts. Opinion filed November 1, 1901.

**Statement.**—This was an action in assumpsit brought by appellant and his copartner, George P. Harris, doing business under the firm name of George P. Harris & Brother, against the Coleman & Ames White Lead Company and George J. Williams. George P. Harris having died, the suit was continued in the name of Arthur Harris, as surviving partner. The action was brought upon a promissory note in the following form:

$1,000.00                    CHICAGO, March 7th, 1893.
    Sixty days after date I or we promise to pay to the order of George P. Harris & Bro., one thousand 00–100 dollars, with interest at 7 per cent per annum from date, at 218 1st Nat'l Bk. Bldg.

COLEMAN & AMES WHITE LEAD CO.,
Coleman & Ames          Per C. I. WILLIAMS, Sec.
    [SEAL]                   GEORGE J. WILLIAMS,
White Lead Co.,                        Genl. Mangr.
    Chicago, Ill.

It appears that George P. Harris & Brother, for about two years previous to the giving of the note in question, had dealings with the Coleman & Ames White Lead Company amounting to $15,000 or $16,000. The account had been reduced to $3,000, which had been running for a long time, and in August, 1892, a $3,000 note with $1,000 indorsement thereon was given in settlement of the account. Later a second note was given, and finally the third and last note, the one sued on.

A demurrer was sustained to an amended declaration and judgment rendered in favor of the defendant Williams. The plaintiff appealed the case and the judgment was reversed and the cause remanded. (58 Ill. App. 366.) On remanding the cause, it was tried before the court without

a jury. The court admitted the testimony of the defendant Williams to the effect that when he signed the note he signed it as an officer of the corporation.

The court found the issues and rendered judgment for the defendants.

Edward F. Abbott, attorney for appellant.

A. Morris Johnson and C. Milne Mitchell, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the court.

By the former decision it is established for this court, as the law of this case, that the note is upon its face that of two persons, viz., the Coleman & Ames White Lead Company and George J. Williams. Such being the case, can this written instrument, by the testimony of one of the parties thereto, be shown to be not what upon its face it is? In other words, can its plain import be varied by oral evidence?

In Pike v. Hately, 62 Ill. App. 387, evidence had been admitted by the trial court that an apparent indorser had agreed to guarantee payment of the note.

Such admission, changing the position of an apparent indorser to that of a guarantor, was held to have been improperly admitted, and the judgment against an indorser, thus shown and made to be a guarantor, was reversed without remanding the cause.

Upon appeal the Supreme Court, 162 Ill. 241, held that the word "President" following the indorsement "Adolph Pike" was but a *discriptio personæ*, and that parol evidence to contradict the contract of indorser and to show that Pike's intention and agreement was to become a guarantor, was inadmissible, the court saying:

"Where the contract is that of an indorser, parol evidence is not admissible to vary the liability created by such contract, by showing that it was a contract of guaranty or that it was any other kind of a contract than one of indorsement."

And this is true, whether the indorsement consists merely of the indorser's signature, or whether the agreement imparted by the signature is written in full.

In Burlingame v. Brewster, 79 Ill. 515, C. C. Warren, Thomas Pendrim and Charles M. Smith, for building material furnished to the First Universalist Society of Earlville, signed a promissory note reading, "I promise to pay Joseph Brewster," and appended to their signatures the words "as trustees of First Universalist Society." The payee tore from the note the words "as trustees of First Universalist Society" and without informing A. C. Burlingame of what he had done, obtained his signature, it being placed below that of the three first signers.

The Supreme Court said:

"There being no pretense that the note has been altered or changed since appellant's signature was affixed to it, the only inquiry is, did the tearing of the words 'as trustees of First Universalist Society of Earlville' from the note materially change or alter it, so as to discharge the previous signers from liability on it? If it did, it is evident that appellant's liability is affected, for he signed upon the assumption of the co-liability of these parties; if it did not, he is unaffected by the alteration and the defense is properly disallowed.

The body of the note shows a personal undertaking. Its language is, 'I promise to pay,' etc., which is inconsistent with the idea of corporate liability; and while the words torn from the note, following the signatures, would show that it was as trustees they were induced to make the note, they do not show any attempt, by words usually deemed apt for that purpose, to bind the corporation. Such notes have been repeatedly held to be the mere personal undertaking of the signers. Hills v. Bannister, 8 Cowen, 31; Eaton v. Bell, 5 Barn. & Adolphus, 34; Sturdivant v. Hall, 59 Me. 172; Barlow v. Congregational Society in Lee, 8 Allen, 460; Andrews v. Estes, 11 Me. 270; Slawson v. Loring, 5 Allen, 342; Draper v. Mass. Steam Heating Co., 5 Allen, 338.

Our conclusion is, that the alleged alteration of the note in nowise affected the liability of any of the signers to it, and there was no error in the ruling of the court below."

In Hypes v. Griffin, 89 Ill. 134, suit had been brought and judgment obtained upon a note reading:

"Lebanon, Ill., July 6, 1867.
"On the 9th day of October, 1867, we, the trustees of the Methodist Episcopal Church in Lebanon, promise to pay to Joseph Griffin, or to his order, $2,000, with interest at the rate of ten per cent per annum from October 9, 1866.
Witness our hands and seals.

Henry Brown.    [Seal]    Benjamin Hypes. [Seal]
T. A. Shepherd. [Seal]    Zeno Scot.     [Seal]."

A special plea was filed, the substance of which was, that the payee of the note was a member of the Methodist Episcopal Church at Lebanon and well knew that defendant signed the note in his capacity of trustee and that it was understood and agreed between the payee and defendant that defendant should not be individually or personally liable to the payee on account of having signed the writing; that it was well understood by the payee when defendant and the other makers executed the note, they were acting in the capacity of trustees of the church; that they intended to obligate the church corporation, having full authority in that regard, and did not intend to bind themselves personally or individually by the writing.

The court sustained a demurrer to the plea and the defendant electing to stand by his plea, the sustaining of the demurrer was assigned for error in the Supreme Court.

The Supreme Court affirmed the judgment and said:

"The question made on the plea is, can the facts alleged be shown by extrinsic evidence—by parol testimony?

"On the face of the instrument signed by defendant, his undertaking is absolute; and to permit him to show by oral testimony that in no event was he to incur any personal liability by the writing, would be to contradict and vary the terms of his positive written agreement and was not, in fact, to be binding on him.   Mann v. Smyser, 76 Ill. 365."

Our attention is called to Miers v. Coates, 57 Ill. App. 216; Scanlan v. Keith, 102 Ill. 634; Frankland v. Johnson, 147 Ill. 520; McNeil et al. v. Shober & Carqueville Lithographing Company, 144 Ill. 238; Fish v. The Carbonized Stone Company, 67 Ill. App. 327, and Zion Church of

Sterling v. Mensch, 178 Ill. 225, it being insisted that they sustain the action of the court below.

The note sued upon in Miers v. Coates, was such that the Appellate Court said of it:

"We think that the notes in question were executed in conformity with the method first indicated in the foregoing quotation, and that they bear on their face sufficient evidence of their being the notes of the corporation to repel any belief on the part of anybody dealing with them that they were the individual notes of the persons whose names, with official indications, followed the name of the corporation.

It does not seem as if any holder of the notes could claim to be ignorant of the true character of notes so signed. Metcalf v. Williams, 104 U. S. 93."

In Scanlan v. Keith, the Supreme Court said:

"Whatever may be the decisions elsewhere on analogous questions, the authorities in this State are full to the point a party will not be permitted to show, by oral testimony, that his written agreement, understandingly entered into, was not in fact to be binding on him. Accordingly, it was held in Hypes v. Griffin, 89 Ill. 134, mainly on the authority of Powers v. Briggs, 79 Ill. 493, that where trustees of a church corporation made a note in their individual names, although they described themselves as trustees of the church, parol evidence was inadmissible to show it was the intention of the parties it was to be the note of the church corporation, and not the note of the trustees executing it. The principle running through that and other cases in this court is, that such instruments will be construed as the parties made them, without the aid of extrinsic evidence. That rule of interpretation would seem to be as well settled in this State as any rule can be."

The note sued upon in Frankland v. Johnson was as follows:

"$5,592.00.                                CHICAGO, June 1, 1885.

On or before the first day of June, 1888, the Western Seaman's Friend Society agrees to pay L. M. Johnson, or order, the sum of five thousand five hundred and ninety-two dollars, with interest at the rate of six per cent per annum.

                            B. FRANKLAND, Gen. Supt."

Evidence was admitted by the trial court to show that

Harris v. Coleman & Ames White Lead Co.

Frankland had no authority to execute a note for the society, and that it was by him and the payee intended that he should be individually bound.

The Supreme Court said:

"The propositions submitted to the trial court by appellant, to be held as law applicable to the case, are mainly requests to hold certain facts to have been proved, and, under the evidence, they were properly refused. In fact, no argument is made in support of them. There is but one theory upon which the judgment below could be reversed by this court, and that is, that the note sued on must be held to be the contract of the corporation, absolutely and conclusively, and all parol proof tending to establish appellant's liability was incompetent—and that theory is clearly untenable."

In McNeil et al. v. Shober & Carqueville Lithographing Company, the court, in sustaining a judgment against McNeil and Dexter, whose signatures to the note sued upon were as follows—"Malcolm McNeil, President World's Pastime Exposition Company, Albert F. Dexter, Treasurer," say:

"And the court, while holding correctly that, *prima facie*, it was the note of McNeil and Dexter, submitted the question of fact to the jury, whether they intended to give their individual note, or to execute a note for and on behalf of the corporation only. It is wholly unnecessary to determine the admissibility of this evidence, or the correctness of the rulings in the submission of the case, for the reason that the holding was as favorable to appellants as they asked, or could ask under the most liberal of the adjudged cases, and if error was committed it was at their instance, and in their favor."

In Fisk v. The Carbonized Stone Company, 67 Ill. App. 327, the note upon which suit was brought was manifestly that of the defendant corporation.

The question whether evidence as to the character in which the president and secretary of the company signed their names was admissible, was not passed upon by the Appellate Court.

Zion Church of Sterling v. Mensch, 178 Ill. 225, arose out of a bill filed to foreclose a mortgage; appellant contend-

ing that there had been and was no authority for executing the mortgage in its name. The Supreme Court sustained the mortgage as a valid claim and incumbrance upon the church proper.

The Supreme Court of this State has consistently adhered to the doctrine, many years ago announced, that oral evidence will not be heard to vary the plain import of a promissory note.

The judgment of the Circuit Court is reversed, and judgment upon the note will be entered upon a finding of facts, and the case will be remanded to the Circuit Court, in order that execution from said court may sue on the judgment here entered.

Reversed; judgment here for $1,505, and execution, with finding of facts by this court.

**Finding of Facts.**—The court finds that the note sued upon is upon its face a note made by the Coleman & Ames White Lead Company and George J. Williams and that there is now, November 1, 1901, due thereon from the Coleman & Ames White Lead Company and George J. Williams, the sum of $1,000, with interest thereon at seven per cent. per annum from March 7, 1893, being in all fifteen hundred and five dollars.