## Bernard Dulle v. Margaret Lally.

1. WAIVER—*Effect of Obtaining Leave to Plead After Default.*—Where a defendant in an action at law has been defaulted and judgment entered against him in consequence thereof, by applying for and obtaining leave to plead, and by pleading to the merits of the cause and going to trial upon his plea, he waives all errors intervening prior to the obtaining of such leave.

2. PRACTICE—*Motion for Leave to File a Plea of the Statute of Limitations.*—It is not error to refuse leave to the defendant to file a plea of the statute of limitations after the plaintiff has closed his case in a proceeding where a judgment has been entered by default, and the defendant having obtained leave to plead to the merits, the court is merely proceeding to ascertain the merits of the judgment.

3. SAME—*Pleading After Judgment by Default.*—Where a judgment has been entered by default and the defendant is granted leave to plead to the merits of the case, the better practice is to let the judgment stand and the lien of the same be preserved to the plaintiff, so that he may be entitled to interest during the time that his judgment is stayed.

Assumpsit, for labor and services. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

JOHN P. McDOWELL and RUFUS COPE, attorneys for appellant.

EDWARD J. WALSH, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit in assumpsit, for labor and services performed

during a period of about twenty years, ending in 1885, was begun in January, 1888, by the appellee and one John Lally, against the appellant, personally, and in his capacity as administrator of his deceased wife, Sarah Ann Dulle.

A general demurrer to the declaration, which consisted solely of the common counts, was interposed and was on May 1, 1889, overruled, and the defendant was ordered to plead forthwith. By the same order which overruled the demurrer and ruled the defendant to plead, the defendant was defaulted for want of a plea, and leave was given to the plaintiffs to amend the declaration by discontinuing the suit as to John Lally as co-plaintiff, and as to the defendant in his capacity as administrator; whereupon a jury was called, who assessed plaintiff's damages at $2,213.33, and judgment for that amount was entered upon the verdict, and an amended declaration in conformity to the leave that was given was at the same time filed.

At the same term, and on May 4, 1889, the defendant moved to set aside the verdict and judgment, and subsequently, on December 20, 1890, upon his motion, it was ordered that leave be given him to plead to the action, " the judgment to stand." Thereupon the defendant pleaded the general issue.

Afterward, and on September 16, 1895, the cause was again submitted to a jury upon evidence on both sides, and a verdict for $1,950 was rendered.

Upon the hearing of a motion for a new trial the plaintiff remitted the sum of $263.33 from the amount of the original judgment rendered May 1, 1889, and it was thereupon ordered that the balance of said judgment, being the sum of $1,950 (the amount of the second verdict), " stand in as full force and effect as at the time of the rendition thereof, and that the plaintiff have execution," etc.

This appeal calls in question certain alleged errors in the rendition of the original judgment of May 1, 1889, as well as concerning the last judgment.

Concerning all errors which are alleged to have occurred in the rendition of the original judgment, and which may

be briefly summarized as having arisen because of the default and judgment in favor of but one of the plaintiffs against the defendant in his individual capacity alone, whereas the original declaration was by two against the defendant in a dual capacity, personal and representative, and because there was no rule upon defendant to plead to the amended declaration, and no default on that declaration, we must regard them all as having been waived by the defendant by obtaining leave to plead and by pleading to the merits of the cause, and going to trial upon his plea.

As to the errors that are argued with reference to the admission and rejection of evidence upon the last trial, we discover nothing that demands place in the opinion, and content ourselves with merely saying that there does not appear to have been any material error therein.

On the question that the court erred in not allowing the appellant to file a plea of the statute of limitations, we agree with the trial court, that the request so to be permitted coming after the appellee had substantially closed her case was too late.

There is, however, another view to be taken of the matter of the offer to file that kind of a plea. It is in its nature a plea that does not go to the merits of the cause of action. A judgment had already been recovered against the appellant, and was still in force. The trial then proceeding was to ascertain what the merits of that judgment were. There is no rule of law or practice that requires a court to set aside a judgment that has been lawfully rendered, except where it is made to appear that justice will be defeated if it be not done; and even if under ordinary circumstances the plea of the statute of limitations should have been permitted to be interposed under the exercise of a judicial discretion, yet when, as here, the object of this second trial was to discover if the actual merits of the case required the vacation of that former judgment, we do not think such a plea should have received any favor.

The remaining question is one of much more moment, and is, so far as we are informed, one that has not been the

subject of authoritative decision.   It is whether, upon the second verdict for $1,950, which was a less sum than the first verdict upon which the former judgment for $2,213.33 was rendered, it was proper to order that the former judgment should stand for the amount of the second verdict as of the date of the former judgment.

In other words, had the court the power by its judgment to give effect to the verdict as of a day several years prior to the date of its rendition, and so cast upon the defendant an additional burden of several hundred dollars, by way of interest, more than the jury found?

Perhaps the court's action in that regard can only be sustained by considering what was the object and effect of the order of December 22, 1890, whereby the defendant was let in to plead.

The true construction of that order, which, as the record shows, was entered upon the motion of defendant, was, as we think, that he, the defendant, should have leave to plead upon condition that the judgment might stand as security and in every respect be effectual against him except as to enforcing it, until, and unless, he should show upon a trial of his plea that no judgment should have been recovered against him, or that the judgment was for too much, and if for too much that then it should be abated to the extent that it was too great.

The order was:  " On motion of defendant's attorney, it is ordered that leave be and is hereby given the defendant to plead herein within ten days from this date, the judgment to stand."

The order is not as definite as it might be, nor as it should be, if we consider the frequent instances in which like orders are granted in this county, but it should, nevertheless, be given such a construction as will make it what it was manifestly intended to be.

The defendant was a suppliant for favor from the court; what he asked for and obtained was not a matter of right. In granting him the favor, the court must be understood as giving it upon conditions of as little hardship as possible to

the plaintiff.    And it must therefore be considered that the
court intended in yielding the favor to defendant that he
might plead, to give him further right, without which that
to plead would be valueless, to have the question of how
much, if anything, he owed, submitted to a jury; and that
as to the plaintiff the judgment should remain, subject only
to be abated to the extent that the defendant should be able
to substantiate his defense to the case that the plaintiff
might make against him upon such a submission to a jury.

Such being, as we understand, the true construction of
the order, the effect to be given to the last verdict for $1,950
was exactly that which was given.    The original judgment
was, by the *remittitur* that was entered, reduced or abated
down to the sum which the jury found was owing, and
thereby the defendant received the full benefit of the favor
granted him by permitting him to plead and show that the
judgment was for too much.

We do not see how the defendant could ask for more.

We are impressed with the importance of our holding as
affecting the practice in the courts of this county in like
cases, which, as we understand, is somewhat variant, some
doing as was done in this case, and others pursuing the
practice of setting aside the old judgment and entering a
new judgment upon the last finding; but the difference in
the practice may arise from a different kind of order, under
which a defendant has been let in to plead.

We conclude, however, although not without hesitation,
that it is more just that the old judgment should be allowed
to stand, and the lien which may have thereby been ob-
tained preserved to the plaintiff, as well as that the plaintiff
should thereby be given interest during the time that his
judgment has been stayed.    The proceeding to thus let in a
defendant to plead upon terms, partakes very much of the
nature of an equitable interposition on behalf of a defend-
ant, and we think should be somewhat controlled by equi-
table considerations.    (Since this opinion was prepared, we
have seen Hall v. First Nat'l Bank, 133 Ill. 234, where, on
page 244, the principle we have spoken of seems to be ap-
proved.)

The facts of the case, although peculiar in some respects, were decided adversely to the appellant by the jury, upon what seems to be a clear preponderance against him, which facts, within established rules, are not reviewable upon appeal, but must be treated as finally settled in favor of the appellee.

Discovering no sufficient error in the record to justify a reversal of the judgment, it will be affirmed.