James M. Deatherage, Joseph Fishback and Daniel A.
Sevier v. Albert Rohrer, James D. Batty, Frederick
H. Curtis, Theodore E. Curtis, Augustine A.
Curtis, James M. Nevins and James E.
Hutchinson, Surviving Partners of
Levi H. Henry, Deceased, Late
Partners Under the Name of
"The Bank of Waverly."

1. NEGOTIABLE INSTRUMENTS—*Construction of the Act of June 4,
1895.*—The statute, June 4, 1895, relating to negotiable instruments,
applies to cases where a suit is brought against two or more persons sev-
erally liable on a negotiable instrument, and one or more of them makes
default, and the plaintiff proceeds to trial against the others and fails;
he still can have the damages assessed, and upon the finding have judg-
ment by default against the defendants not putting in a defense.

2. STATUTES—*Construction—Repeals by Implication.*—Repeals by
implication, either of a statute or a well recognized principle of the com-
mon law, are not favored if there is inconsistency between the new
act and the old statute, or between the new act and the common law.

3. SAME—*Rule of Construction—Application of the Act of June 4,
1895, to Commercial Paper.*—When a statute is clear in meaning and
purpose it is not within the power or province of the court to extend its
application to a case not within its terms, and especially when such ex-
tension would work a repeal of a well-established principle of the com-
mon law.

Assumpsit, on a promissory note. Trial in the Circuit Court of Mor-
gan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Finding
and judgment for plaintiff. Appeal by defendant. Heard in this court
at the May term, 1898. Reversed and remanded. Opinion filed October
5, 1898.

MORRISON & WORTHINGTON, attorneys for appellants.

JOHN A. BELLATTI, attorney for appellees.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the
court.

This suit was brought on a note made by the appellants
and one John A. Deatherage and payable to W. W. Brown,

Deatherage v. Rohrer.

who was one of a number of persons doing a banking business under the firm name of "The Bank of Waverly." The makers of the note borrowed the money from the bank; Brown died and the administratrix assigned the note to the appellees. The note was for $1,000, and dated February 7, 1887, due thirty days after date, with interest at eight per cent per annum after due. There were the following indorsements on the note : September 1, 1890, $286.60, interest charged to account of Sevier, Fishback & Co.; also $305.35, paid August 22, 1895. The appellees declared on the note as a joint obligation. To the declaration appellants and John A. Deatherage filed two pleas : Non-assumpsit and the ten years statute of limitations. To the plea of the statute of limitations the appellees replied appellants had made a new promise within ten years. Upon these pleas issue was joined. The case was tried by the court without a jury by consent of the parties.

The court found the issues against James M. Deatherage, Joseph Fishback and Daniel A. Sevier, and rendered judgment against them for the sum of $1,286.15, and at the same time rendered judgment in favor of John A. Deatherage, one of the defendants, for his costs in that behalf expended.

The only error assigned that appellants insist on, is that the judgment should have been an entirety. It should have been against all or none of the defendants. The appellees, in declaring on the note as a joint obligation and bringing suit against all the makers, treated it as a joint undertaking. It appears from the evidence, at the time the note was given, appellants and John A. Deatherage were doing business under the firm name of Sevier, Fishback & Co., and that the money received on this note was put into and used in the partnership business. James M. Deatherage, as the manager for the makers of the note, had charge of the bank account, made the deposits and drew the checks. When the bank book was balanced by the bank it was delivered to James M. Deatherage. The payment of $286.60 indorsed on the note September 1, 1890, was made from the funds of the makers of the note then in the bank, by a check drawn

in the firm name of Sevier, Fishback & Co. This check was charged on the account in the bank, credited on the note, and the book with the charge against the account delivered to James M. Deatherage. This it would seem should be a payment binding on all the makers of the note. But, if this was not payment for all, it was not payment for appellants Fishback and Sevier, and the bar of the statute was good as to them, because confessedly the credit for $305.35 was made without the authority of either of the makers, and the findings should have been in favor of the appellants Sevier and Fishback as well as John A. Deatherage, or against all.

It, however, is insisted by appellees that if the judgment is not good at common law, it is authorized and should be allowed to stand under the act of the general assembly approved June 4, 1895, Session Laws of 1895, p. 262. This case does not fall within the provisions of this statute. Prior to the passage of this act notes like the one sued on were joint and several; the holder of a note made by three persons might treat it either joint or several; that is, he might sue any one of the four makers or he might sue all jointly. He could not treat the obligation as both joint and several at the same time. He could not sue one separately and the other three jointly. The second section of the act amends the former statute by providing that persons severally liable on a promissory note may all or any of them be joined severally in the same suit, at the option of the plaintiff, and judgment rendered in such suit shall be without prejudice to the rights of the several defendants as between themselves, which means the holder may sue one or more of the makers, and the judgment entered against those sued shall be without prejudice to the rights of the several defendants as between themselves.

The third section provides: " In any suit mentioned in the preceding section a separate judgment may be entered by default against any defendant or defendants severally liable who have been duly served with summons, and against whom the plaintiff would have been entitled to judgment

had the suit been against such defendant or defendants only. The suit shall thereby be severed, and shall proceed to trial against the other party or parties in the same manner as if it had been commenced against such other party or parties only, and, if the plaintiff recover, judgment shall be entered against such one or more of the defendants as are found liable to him, but in no event shall the plaintiff be entitled to more than one satisfaction."

This statute applies to cases where a suit is brought against two or more persons severally liable on a promissory note or bill of exchange, and one or more of the defendants make default, and the plaintiff proceeds to trial against the other party and fails; he still could have the damages assessed, and upon the finding have judgment by default against the defendant or defendants not putting in a defense. In this case there has been no default, hence no severance. All the defendants filed pleas and put in a defense. By the terms of the statute it refers to and includes only cases where there has been a default, and the plaintiff is entitled to a judgment.

This case is not within the language or spirit of the act of 1895. When a statute is clear in meaning and purpose, it is not within the power or province of the court to extend its application to a case not within its terms, and especially when such extension would work a repeal of a well established principle of the common law. Repeals by implication, either of a statute or a well-recognized principle of the common law, are not favored, if there is inconsistency between the new act and the old statute, or between the new act and the common law.

This case does not fall within the rule at common law, or within the act of 1895. The court erred in entering judgment against the appellants and in favor of John A. Deatherage.

The judgment of the Circuit Court is reversed and this cause remanded.