## WILLIAM S. REED

*v.*

## FRANK C. FLEMING· *et al.*

*Opinion filed April 20, 1904.*

1. CORPORATIONS—*seal of corporation is prima facie evidence of assent and authority.* The seal of a corporation appearing upon an instrument is *prima facie* evidence of the assent of the corporation to the contract and of the authority of the person acting to execute the instrument.

2. SAME—*when instrument is prima facie the obligation of a corporation.* An instrument appearing upon its face to be executed by the defendant as president of a corporation, under the seal of such corporation, is *prima facie* the obligation of the corporation, when offered without further proof.

3. SAME—*ability to perform agreement is an element in determining who is bound.* In determining whether or not it is the corporation, or only the president personally, who is bound by an instrument executed by such president under the seal of the corporation, it is an important consideration that the contract is one which only the corporation would be able to perform.

4. SAME—*when terms of agreement indicate intention to bind corporation.* A written instrument signed by a party as president of a corporation and under its seal, promising to pay the holder $2500, with interest, "according to the agreement on the reverse side," which was to pay.the amount in bonds of the corporation at par value, "as soon as they can be issued in the regular way and legally, without reference to the date of the note," shows an intention to bind the corporation.

*Reed* v. *Fleming,* 102·Ill. App. 668, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

FRANCIS M. LOWES, (GEORGE N. B. LOWES, of counsel,) for plaintiff in error.

CHARLES E. WOODWARD, (LINCOLN & STEAD, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Frank C. Fleming and Ashley R. Cadwallader, partners under the firm name of Fleming, Cadwallader & Co., brought their suit in the circuit court of LaSalle county against William S. Reed, plaintiff in error, and filed their declaration in the common counts in assumpsit. There was a plea of the general issue by the defendant, and a jury having been waived, the cause was submitted to the court for trial. Plaintiffs, to maintain the issue on their part, offered in evidence two written instruments, viz.:

"$2500.00.                    CHICAGO, *May 6th, 1893.*

"On or before July 15th, after date, we promise to pay to the order of Fleming, Cadwallader & Co., as per agreement on reverse side, twenty-five hundred and No/100 Dollars, at Central State Bank, West Lebanon, Inda.

"Value received, with interest at 6 per cent per annum.

{ The Mt. Carmel Light & Power }           WILLIAM S. REED,
{   Co., Mt. Carmel, Ill., Seal. }     *Prest. Mt. Carmel Lgt. & Water Co.*"

Upon the back appears the following:

"May 6th, 1893. It is agreed & understood between the parties to this contract that this note is to be paid in 1st Mortg. Bonds of the par value of the Mt. Carmel Light & Water Co., Mt. Carmel, Ill., as soon as the bonds can be issued in the regular & legal way without reference to the date of the note."

"$2500.00.                    CHICAGO, *May 6th, 1893.*

"On or before July 15, 1893, after date .... promise to pay to the order of Fleming, Cadwallader & Co., as per agreement on reverse side, twenty-five hundred and No/100 dollars, at Central State Bank, West Lebanon, Inda.

"Value received, with interest at 6 per cent per annum.

{ The Mt. Carmel Light & Power }           WILLIAM S. REED,
{   Co., Mt. Carmel, Ill., Seal. }     *Prest. Mt. Carmel Lgt. & Water Co.*"

Upon the back appears the following:

"May 6, 1893. It is agreed and understood between the parties to this contract that this note is to be paid in 1st Mortg. Bonds at par value of the Mt. Carmel Light & Water Co., Mt. Carmel, Ill., as soon as the bonds can be issued in the regular way and legally without reference to the date of the note."

To the introduction of these instruments defendant objected, but the objection was overruled and he excepted. The defendant then offered the articles of incorporation of the Mt. Carmel Light and Water Company, and a certificate of increase of capital stock of said corporation under seal, showing that defendant acted as president thereof. The defendant submitted to the court propositions of law that the notes introduced in evidence were, as matter of law, the notes of the Mt. Carmel Light and Water Company, and not the individual notes of the defendant, and that when the seal of the corporation is attached to a note and the name of the president of the corporation is signed to the note, with his official designation and the name of the corporation, the note is *prima facie* the note of the corporation. These propositions were refused, and the court found the issues for the plaintiffs and entered judgment against the defendant for $7312 and costs. The defendant excepted to the refusal of said propositions, the ruling of the court and the judgment, and removed the record by writ of error to the Appellate Court for the Second District. The Appellate Court affirmed the judgment, and the writ of error in this case is prosecuted to review the judgment of the Appellate Court.

There was no extrinsic evidence as to the consideration for the notes or by whom it was received, or of any facts or circumstances connected with their execution, and the objection to them, when offered in evidence, raised the question whether they appeared upon their face to be obligations of the defendant or of the Mt. Carmel Light and Water Company. That question was to be determined by looking into the terms and provisions of the instruments and the manner of their execution, for the purpose of interpreting them according to the intention of the parties. When an officer of a corporation enters into a contract which he is authorized to make and which purports to be the contract of the cor-

poration he assumes no liability. In such a case the contract is the contract of the corporation and not of the officer, but he may pledge his own credit when in fact acting for the corporation, if by the language of the contract he binds himself to its performance. If, instead of attempting to bind the corporation, he uses words to charge himself he will be personally liable, although he adds to his name descriptive words identifying himself. In such a case his mere official designation will not exempt him from liability. So it has often been held that mere words of description of the maker of the note will not relieve him from liability unless it appears that he acted as agent for a disclosed principal, intending to bind that principal. (*Powers* v. *Briggs*, 79 Ill. 493; *McNeil* v. *Shober & Carqueville Lithographing Co.* 144 id. 238; *Hately* v. *Pike*, 162 id. 241.) The fact that the intention of the parties is generally discoverable upon examination of the instrument was stated in *Scanlan* v. *Keith*, 102 Ill. 634, as follows (p. 642): "Most generally there is that on the face of the instrument itself, and especially where the execution is witnessed by the seal of the corporation attached thereto, that indicates unmistakably it is the obligation of the corporation. It is seldom any one takes such paper under the belief it is the obligation of the officers executing it on behalf of the corporation." And again: "It is inconceivable a person familiar with the business transacted by a corporation, taking a note executed by its officers under its corporate seal, should believe he was obtaining the individual note of the officers whose names are attached to it. It needs no extrinsic evidence to show such a note is the obligation of the corporation. Such is the common understanding from what appears on the face of the instrument itself." In this case the instruments were signed by the defendant, William S. Reed, president of the corporation, and under its corporate seal. The words, "Prest. Mt. Carmel Lgt. & Water Co.," might be regarded as words of mere per-

sonal description if nothing more appeared, but the seal of the corporation could not possibly be regarded in that light. The seal of the corporation is in no way descriptive of the president or any other officer, but is used to evidence and authenticate papers and obligations of the corporation. It belongs to the corporation as such, and cannot properly be attached to the obligations of an individual. The seal of a corporation appearing upon an instrument is *prima facie* evidence of the assent of the corporation and of authority to execute the instrument. *Springer* v. *Bigford*, 160 Ill. 495.

But counsel say that the authenticity of the seal was not established and that it did not prove itself, and therefore the obligation was personal. In *Phillips* v. *Coffee*, 17 Ill. 154, it was held that the execution of an instrument by the president of a bank with the seal affixed afforded *prima facie* evidence that it was the seal of the bank, and that this rule does not dispense with the evidence that a seal is the seal of a corporation, but adopts a rule of *prima facie* evidence of the fact. Whatever the correct rule may be on that subject, the question before the court was whether the instruments appeared upon their face to be the individual obligations of the defendant. The burden was on the plaintiffs to allege and prove an individual promise of the defendant, and it was not for him to show that the obligation was not his. He might become personally liable for acting without authority when he assumed to act as though he was authorized, but that question was not presented by pleading or proof. The instruments, when offered without any proof, appeared upon their face to have been executed by the defendant as the president of a corporation, under the seal of that corporation. They therefore appeared upon their face to be the obligations of the corporation. It was afterward shown, without contradiction, that the Mt. Carmel Light and Water Company was a corporation and that defendant acted as its president.

There are other, and perhaps stronger, reasons for the conclusion that the instruments were obligations of the corporation. In considering whether the corporation or the defendant was expected to perform the agreement it is important to consider which would be able to perform it. The promise was to pay, according to the agreement on the reverse side, the sum of $2500, with interest at six per cent. The agreement upon the back was thereby incorporated into the face of the instrument, and the obligation was to pay $2500, with six per cent interest, in the first mortgage bonds of the Mt. Carmel Light and Water Company, at their par or face value, as soon as the bonds could be issued in the regular way, and legally, without reference to the date of the notes. The instruments did not call for $2500 in value of the bonds, but for bonds amounting to that sum on their face, regardless of value. There was no provision as to time of payment of the bonds or the rate of interest, and if they were issued on long time without interest they might be worth very much less than par, or with other conditions they might perhaps be worth a premium. The agreement, then, was to deliver mortgage bonds, with a certain face value, which had never been issued and which the corporation alone could issue. They could not have been the property of the defendant when the instruments were executed, nor did he have it in his power to issue or deliver them. It was not in the power of the defendant to fix the maturity of the bonds, the rate of interest, or anything else affecting their value. That power rested in the corporation itself, which could fulfill the obligation. It would hardly be supposed that an individual would bind himself to pay $2500, with six per cent, in cash, on a failure to deliver bonds which might be worth much less, where there was no provision as to maturity of the bonds or rate of interest, and where he would have no absolute right to control the terms, issue the bonds or obtain them in the market. It seems,

from the terms of the instruments, to have been intended that the corporation should perform the promise, and we think the court erred in admitting the instruments in evidence and refusing the propositions of law.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*