Lyman v. Kline.

## Elenor Lyman et al. v. William S. Kline et al.

### Gen. No. 12,615.

1. PROMISSORY NOTE—*in whose name suit may be brought.* Where a note is indorsed in blank, suit may be brought in the name of any person who does not object.

2. VARIANCE—*power to confess, when exercised, waives question of.* The power under which a judgment has been entered by confession operates to waive all questions of variance between allegations and proof.

3. LEAVE TO PLEAD—*effect of granting, where judgment has been entered by confession.* A waiver of technical objections to judgments entered by confession results from seeking and obtaining leave to plead.

4. INSTRUCTIONS—*rule requiring presentation of, prior to argument, construed.* This rule may be waived in the exercise of a sound judicial discretion.

5. JUDGMENT—*mere excessiveness of, not ground for reversal.* The mere fact that a judgment is excessive is not ground for reversal; if the error may be corrected by computation and reduction of the judgment to the proper amount, it will be ordered done by the Appellate Court and an affirmance entered for the correct amount.

Judgment by confession. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded with directions. Opinion filed October 8, 1906. Rehearing denied October 25, 1906.

WILLIAM T. DICKERMAN, for appellants.

C. A. COOLIDGE and T. W. BROWN, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Judgment was entered for $1,350 against appellants' in favor of appellees in the Superior Court May 20, 1902, upon three promissory notes for $400 each, all bearing interest at six per cent. per annum, with powers of attorney attached in the usual form authorizing entry of judgment by confession. On July 7th following, on motion of appellants, based upon affidavits then filed, appellants, by an order then entered, were allowed to plead to the merits, the judgment in the meanwhile standing as security and execution being stayed until the further order of the court.

Issues were joined on pleas of failure of consideration, want of consideration and fraud and circumvention in obtaining the notes.

The evidence developed that B. F. Stull, a lawyer of appellant Elenor Lyman, represented to her that he was the owner of certain timber lands in Fentress county, Tennessee, and agreed with her to sell and convey to her certain of said lands by a good fee title for the consideration of $200 in cash and the three notes of appellants the subject-matter of this litigation. That at the time Stull procured delivery of these three notes he told Mrs. Lyman that he would make the deed and would record the same in the proper office in Fentress county, Tennessee; that he would hold the notes until their maturity or until Mrs. Lyman could sell enough timber from the lands so to be conveyed to pay the notes, and that he would not sell the notes. Relying upon these representations the notes were delivered, although Mrs. Lyman claims that she was unaware of the fact that the notes were judgment notes. That it subsequently developed that Stull's representations as to ownership of timber lands in Fentress county were false, that he failed to make a deed to Mrs. Lyman of any lands and in disregard of his promise transferred the notes, resulting in the judgment confessed in favor of appellees.

The principal errors relied upon to reverse the judgment, resulting from the trial upon the issues joined, are that appellees are not the owners of the notes, that appellees had notice of the fraud and circumvention practiced by Stull in obtaining the same, error in giving instructions at the instance of appellees and refusing others proffered by appellant, and in the court's accepting an instruction offered by counsel for appellees and giving the same to the jury after the lapse of time prescribed by rule 25 of the common law rules of the Superior Court, which provides that "All instructions must be presented to the court at the conclusion of the taking of the evidence." variance between the evidence and averments of the declaration, and that the verdict is irregular and the judgment entered thereon contrary to law.

We will pass upon these objections in the order of their statement.

It is admitted that the notes were indorsed by Stull and delivered to D. S. Wentworth without naming an assignee, which is commonly understood as an indorsement in blank—the title to such a note passes by delivery without further indorsement. Wentworth was a lawyer and in the purchase of the notes represented appellees and four other persons with whose money Wentworth paid for the notes and in whose interest he purchased them, and at the time of the confession appellees and the four other persons were interested in whatever might be realized therefrom in the several proportions in which they had contributed toward their purchase. That appellees—who had each contributed more than the others toward the purchase of these notes, for that reason and for convenience, and also to avoid multiplicity of parties plaintiff and under the advice of Wentworth—brought the suit in their names.

Appellants were not denied the benefit of any defense which they could have made had all the parties

interested in these notes been parties to the suit. Their rights have in no way been curtailed or affected to their disadvantage. It is well settled that where a note is indorsed in blank suit may be brought in the name of any person who does not object, about which a defendant has no concern and cannot be heard to complain. Whitford v. Herting, 60 Ill. App. 413; Henderson v. Davisson, 157 Ill. 379.

Campbell v. Goddard, 117 Ill. 251, cited by appellants, is not in point. There the judgment by confession was entered in the Circuit Court of Williamson county before the clerk in vacation. The power of attorney to confess judgment contained a provision for reasonable attorney's fees upon judgment being confessed, without naming any specific sum. The judgment included $125 as a reasonable attorney's fee, and it was held that fixing that amount as a reasonable attorney's fee was, in effect, a judicial act, by a ministerial officer, and was void for want of power in the clerk. That question cannot arise in Cook county, where the terms of court are encompassed within each of the twelve months of the year. It is always term time in the *nisi prius* courts of Cook county. There is no vacation between terms. None of the other authorities cited by appellants on the question of the right to maintain suit on a note indorsed in blank in the name of another than the beneficial owner, upon examination is found to sustain their contention.

We are restricted to the testimony of appellant Lyman and D. S. Wentworth as to knowledge imputable to appellees of the existence of the defenses to these notes set up in the pleas. Wentworth, who knew Mrs. Lyman before purchasing these notes, called upon Mrs. Lyman and inquired of her in relation to them, when he says she informed him that the notes were given for land she was buying in Tennessee, that she knew all about the property she was buying, that she

owned 160 acres of land in the same county, that Stull
had been her attorney in other matters and had ex-
amined the title to the land she was then buying and
that she was satisfied, and that she signed the three
notes in evidence then exhibited to her by Wentworth.
While Mrs. Lyman does not deny that she acknowl-
edged to Wentworth that she made the notes and that
they were given for purchase of lands in Tennessee,
she at the same time claims that she informed Went-
worth of the conditions under which she claimed she
made the notes and delivered them to Stull and of
the latter's promise not to part with them.  If avail-
able as proof, being substantive matter, the *onus* of
maintaining it by a preponderance of the evidence
rests upon appellants.  In no view of this evidence can
it be said there is any preponderance in appellants'
favor.  The attendant conditions and circumstances
are not in accord with this statement of Mrs. Lyman,
and Wentworth denies its truth *in toto*.  Some credence
and support is given to Wentworth's denial, from the
fact that it was not until seven days after the judgment
was entered by confession on these notes that Mrs.
Lyman learned of the duplicity of Stull and the fal-
sity of his representations.  It consequently follows
from what we have said that appellants have failed
to show that notice of either a failure or want of con-
sideration came to appellees or any of the persons
beneficially interested in the proceeds of the three
notes before their delivery by Stull to Wentworth, in-
dorsed in blank, for the consideration of $1,000, nor
are there any facts or circumstances in appellants'
proof from which notice can be imputed to them, or as
coming to Wentworth, their representative.  While
fraud and circumvention is charged in the obtaining
of these notes, no proof from which it can be adjudged
such charge is sustained can be found in the record.

What constitutes fraud and circumvention is de-
fined in Town of Oregon v. Jennings, 119 U. S. 74,

thus: "The fraud and circumvention intended by
the statutes, which only embodies a rule of the common
law, must be a trick or device by which one kind of
instrument is signed in the belief that it is of another
kind, or the amount or nature or terms of the instru-
ment must be misrepresented to the signer." Apply-
ing this definition to the facts of this case, we find none
of the essential elements constituting fraud and cir-
cumvention. There is nothing in the evidence that
Stull induced appellants to sign the three notes in
question by representing that they were anything but
notes, nor was any trick resorted to by Stull to induce,
or which did induce, appellants to believe they were
anything else but notes which they purported to be on
their face; neither did Stull resort to any artifice in
an effort to prevent appellants, or either of them, from
freely examining the notes to ascertain their contents
and terms. The representation, the *gravamen* of the
charge, is that Stull told Mrs. Lyman that he would
hold the notes and not assign or part with them, that
she might pay them with the proceeds of the timber to
be cut from the land Stull was to convey to her by a
deed conveying a good fee title. Appellants were not
thereby relieved from their liability as makers of the
notes to respond in payment to an innocent assignee
for value because of the failure of Stull to keep his
verbal promise, about which the notes gave no infor-
mation, so that a stranger to that portion of the trans-
action—which appellees are—could have notice of it.
Appellants are therefore held to the legal responsi-
bility arising from their having made the notes and by
delivering them to Stull indorsed in blank, thereby
putting it in his power to negotiate them to parties
innocent of his verbal promises and undertakings.
Mrs. Lyman's evidence alone is sufficient to refute the
defense of fraud and circumvention by Stull in pro-
curing appellants to make and deliver the notes to
him. The duplicity complained of by her is not in

obtaining the notes, but on the contrary the bad faith of Stull consists in Stull's failure to retain the notes and to convey a good title to her, according to her evidence, of the Tennessee timber land, and record such deed in the proper office in faith of his verbal promise made at the time of receiving the notes from Mrs. Lyman.

We are unable to find any error in the instructions given on the part of appellees, to the giving of which appellants complain. As given they announce correct principles of law, applicable to the facts in evidence and the issues joined. Neither was any error committed by the trial judge in modifying appellants' instruction No. 7, by eliminating therefrom the words, "The law presumes that an agent transmits or in some manner communicates to his principals all information received by him relating to the matter of his agency." The presumption of law thus assumed is not correct, although notice may be imputed to the principal of facts communicated to the agent in relation to the subject-matter of his dealings as agent within the scope of his agency, without proof of such facts having been communicated directly to the principal. Applying this legal principle to this case, if appellants had proven notice to Wentworth, the agent, of either the want or failure of consideration or fraud and circumvention in obtaining appellants to make and deliver the notes to Stull before Wentworth purchased them, such notice would be chargeable to Wentworth's principals, and the notes would have been purchased by him subject to all defenses which could be interposed in an action brought thereon by Stull.

The changed instruction No. 1, given at the request of appellees, the giving of which is assigned for error, could not have had the effect of misleading the jury as to the law of the case, even if that part intended to have been expunged was so imperfectly done as to be readable by the jury in its jury room in its entirety,

as without any alteration it stated a correct principle of law applicable to the facts in evidence. Before interlining by the court it read: "The jury are instructed that a written agreement cannot be changed or varied by a prior or contemporaneous oral agreement between the parties, but that all negotiations, promises and agreements are merged in the written agreement executed by the parties, and even though you may believe from the evidence that Stull, at the time of taking the notes in evidence, told Mrs. Lyman that he would not require the payment of the notes according to their terms, that fact would not vary or change the terms of the notes." As read by the court to the jury the instruction was as follows: "Even though you may believe from the evidence that Stull, at the time of taking the notes in evidence, told Mrs. Lyman that he would not require the payment of the notes according to their terms, that fact would not change or vary the terms of the notes." The instruction as given was equally invulnerable to legal objection when considered together with the other instructions appearing in the record as given with it.

Complaint is made on the ground of variance between the averments of the declaration and proof. Objections of this character cannot be reviewed where all errors are waived in the warrant of attorney in virtue of which the original judgment was confessed. We held in Roby v. Updyke, 61 Ill. App. 329, that a waiver of technical objections to judgments entered by confession results from seeking and obtaining leave to plead. To the same purport and effect are: Frear v. Commercial National Bank, 73 Ill. 473; Hall v. Jones, 32 Ill. 38; Hall v. Hamilton, 74 Ill. 437; Carpenter v. First National Bank, 119 Ill. 352.

The error assigned on the action of the court in receiving and giving an instruction after the time limited by common law rule 25 is without force. This rule was made for the convenience of the court and in

order to enable the judge to examine the instructions and determine upon their applicability to the issues and the proof during the argument of counsel to the jury, but the most that can be said for the rule is that it being one which is personal to the court in its operation, the court may in the exercise of a sound discretion, to be measured by conditions, waive the rule and receive additional instructions at any time. In fact it is not at all free from doubt, that in certain circumstances it might not become the court's duty to do so. For illustration, supposing a counsel in his closing argument had traveled outside of the record for his facts—not an infrequent occurrence—materially affecting the issues, and no instruction had been handed to the court before the commencement of the argument telling the jury that their verdict must be based upon the evidence heard and admitted by the court, and warning them not to heed statements made by counsel, if any such had been made, which did not find support in the record, etc., could the court be excused by the rule in refusing to give such an instruction, tendered before the court commenced to read the instructions to the jury, in a case where it might be apparent that such unwarranted statements, unsupported by the evidence, were of a character tending to mislead the jury? Certainly not! Prindeville v. The People, 42 Ill. 217, and I. C. Ry. v. Haskins, 115 Ill. 300, are not in point as controverting the sanction of any such practice. In these cases the question here was neither presented nor decided. The rule as to the time of tendering instructions was upheld as reasonable, but the power of the court to vary such rule, in a proper case, in the exercise of a sound discretion and to receive and give an instruction tendered after the time provided by the rule had expired, was not passed upon in cases *supra* cited by appellant.

The errors last appearing are well assigned. The

verdict of the jury is informal and the judgment entered thereon erroneous. The form of the verdict of the jury should have been: "We, the jury, find the issues for the plaintiffs." The assessment of damages was surplusage and should have been disregarded by the court in the entry of the judgment. The effect of the judgment in its present form is to charge appellants with compound interest on the amount of the interest accruing between the date of the entry of the judgment by confession and the return of the verdict of the jury in the trial upon the merits. This is unlawful. The informality, however, in neither the form of the verdict nor the judgment entered thereon would justify this court in awarding a new trial. Such error can be corrected without affecting the merits of the cause or the rights of appellants. The error being merely as to form and not of substance may be amended at any time to make the same effective, and as such judgment in its amended form will reduce and not increase the liability of appellants, they cannot be heard to complain.

For the errors indicated the judgment of the Superior Court of Cook county is reversed and the cause remanded to the Superior Court with instructions to vacate the judgment of February 25, 1905, and to enter in its place and stead a judgment in the following form: "Therefore it is considered by the Court that the judgment entered herein on May 20, 1902, in favor of plaintiffs and against defendants for $1,350, stand in full force and effect as of the time of its rendition."

*Reversed and remanded with directions.*