## Northeastern Coal Company v. Joseph T. Tyrrell.

### Gen. No. 13,192.

1. JUDGMENT—*effect of words "to stand as security."* Where a judgment by confession is opened up to permit the interposition of a defense, the function of the words in the order reciting that the judgment shall "stand as security" is merely to stay execution pending the determination of the merits of the defense to be interposed.

2. JUDGMENT—*effect of error in form of.* An error in the form of the judgment rendered will not justify a remandment for a new trial, but one merely for purposes of correction.

3. PROMISSORY NOTES—*what sufficient proof of delivery.* The production of a promissory note by the plaintiff is sufficient evidence *prima facie* of his title and of the fact that the same was duly delivered to him.

4. PROMISSORY NOTE—*when prima facie corporate obligation.* A promissory note, in form as follows, is *prima facie* a corporate obligation only: "We promise to pay to the order of," signed: "Northeastern Coal Company, Commodore P. Frye, Secretary. Goodman Wallem, President Northeastern Coal Company."

5. AMENDMENT—*what not abuse of discretion in denying leave to file additional pleas.* Where a judgment is entered by confession and then opened up to admit a defense, it is not an abuse of discretion to deny leave to file additional pleas tendered after the case has been placed upon the short cause calendar for trial.

6. PLEA IN ABATEMENT—*right to plead over after defeat upon.* Dilatory pleas in abatement are not to be encouraged by allowing defendants to plead over, as a matter of course, when defeated on them.

Judgment by confession. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1906. Remanded with directions. Opinion filed April 29, 1907.

JOHN H. LALLY, for appellant.

STEELE & THOMPSON, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The appellee in this cause, Joseph T. Tyrrell, took judg-

ment by confession against the appellant in the Circuit Court of Cook county, for $862.83, on May 14, 1906.

The judgment was entered by virtue of the warrant of attorney contained in the following note:

"Chicago, Ill., Dec. 23, 1905.

On or before 4 months after date for value received, we promise to pay to the order of Max F. Hamann Seven Hundred Sixty-nine and 87/100 Dollars at Chicago, Illinois, with interest at 6 per cent per annum from date until paid.   And to secure the payment of said amount we hereby authorize irrevocably, any attorney of any court of record to appear for ............... in such court in term time or vacation at any time hereafter and confess judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and $75.00 dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

NORTHEASTERN COAL COMPANY,
Commodore P. Frye,
Secretary.
Goodman Wallem, President.

(Seal)                NORTHEASTERN COAL COMPANY."

June 2, 1906, on the motion of the appellant, the Northeastern Coal Company, sustained by certain affidavits filed by it, leave was given to it to plead to the plaintiff's declaration within five days—the judgment theretofore rendered to stand as security.   Thereupon, on June 7, 1906, the defendant pleaded in abatement of the writ that the promises in the declaration mentioned, if made, were made jointly by the defendant and Goodman Wallem, and Commodore Perry Frye.

Counsel for plaintiffs on June 26 filed to this plea a replication concluding to the country—a proceeding which the counsel for the appellant in his brief, most unjustifiably, as it seems to us, characterizes as "tricky."   We do not see

why it was "tricky" to file a replication instead of a de-
murrer to the plea, nor why it was tricky to file on the same
day that the cause was at issue an affidavit for the short
cause calendar, and serve a notice thereof on defendant.
The warrant of attorney had proved futile to avert the delay
which it was given to prevent; but certainly the defendant
had no vested right to have the execution on the judgment
stayed for any definite time. When given leave to plead
the defendant should have taken advantage of the grace
given him at once to plead all the defenses which he pro-
posed in good faith to urge, and have expedited the cause
in the interest of justice.

The cause was set down for trial on the short cause cal-
endar of July 9, but was not reached and tried until the fol-
lowing short cause day, July 16.

On July 7 the defendant's counsel asked leave to file
additional pleas, one of *non assumpsit*, one of want of con-
sideration, and two others alleging that the defendant had
been induced to give the note by fraud and misrepresenta-
tion, and that the plaintiff took the note with knowledge of
said fraud and after its maturity.

The motion was not passed on, July 7. Counsel says
in his brief, and is quoted as saying in the bill of exceptions,
that the judge before whom the motion was made then said
he would leave it for decision to the judge before whom the
cause was set to be tried on the following Monday. There
is nothing to show it was again pressed until July 16, when
it was denied and the cause called for trial on the plea and
replication already filed.

The plaintiff offered the note in evidence, and offered the
testimony of Commodore Frye, William F. Behrens and
Percival Steele, tending to prove that the note was given
solely as the note of the Northeastern Coal Company, and
not as intended to bind the two officers signing it.

Defendant offered no evidence, but moved for a per-
emptory instruction in its favor, which the court refused to
give.

The court then instructed the jury as follows: "The

court instructs the jury to find the issues for the plaintiff and assess the plaintiff's damages in the sum of $862.83." A verdict to that effect was accordingly returned. Afterward a motion for a new trial and a motion in arrest of judgment were denied, and the court then and there entered judgment in said cause in accordance with the verdict of the jury for the sum of $862.83. From this judgment, on July 16, the defendant company appealed to this court, and has assigned nine errors. The first five relate to the refusal of the court to allow the defendant to file additional pleas, to the admission and exclusion of evidence, the instruction to find for the plaintiff and the refusal of an instruction to find for the defendant, and the denial of a motion for a new trial. The last four relate to the entry of judgment against the defendant on July 16, 1906.

These last errors are well assigned, and so indeed is the one which alleges the giving of an improper instruction for the plaintiff, for the court, apparently through inadvertence, overlooked the fact that there was a judgment in this cause already, that it stood unvacated—the only real effect of the words "to stand as security" being to stay execution until there was a trial on the pleas that might be filed.

The instruction given to the jury should not have included the words "and assess the plaintiff's damages in the sum of $862.83." It should have ended with the direction to find the issues for the plaintiff. The verdict of the jury should have ended with that finding, and the judgment of the court should have been, after reciting the verdict, in this form: "Therefore it is considered by the court that the judgment entered herein on May 14, 1906, in favor of plaintiff and against defendant for $862.83 stand in full force and effect as of the time of its rendition, and that the plaintiff have execution thereon. Hall v. First National Bank of Emporia, 133 Ill., 234; Dulle v. Lally, 64 Ill. App., 292; 167 Ill., 485; Lyman et al. v. Kline et al., 128 Ill. App., 497.

The case in the Superior Court of the City of New York, Flagg v. Cooper, 11 N. Y. Civil Procedure Reports, 421,

cited by appellee to the point that the entry of two judg-
ments in the case was not improper, could hardly in any
event be considered an authority for us, arising, as it did,
under a different practice, but it does not bear out its cita-
tion. It adjudges nothing about the second judgment. It
simply declares that the first one was not vacated by the
entry of the second.

But as we said in Lyman v. Kline, *supra,* "Neither the
informality in the form of the verdict nor in the judgment
entered thereon would justify this court in awarding a new
trial. The error being merely as to form and not of sub-
stance may be amended at any time."

If the cause is to be remanded for a new trial, rather than
merely for a correction in the form of the order of July 16,
1906, it must be for other reasons than the informality and
inaccuracy of that order.

Three such reasons are said by the appellant in its argu-
ment to exist: First, that the trial judge abused his dis-
cretion in refusing the appellant leave to file additional
pleas on July 16, just before the trial; second, that on the
trial of the issue involved in the plea on file, inspection of
the note and the evidence adduced would have justified the
court in instructing the jury peremptorily for the defend-
ant, and that the instruction for the plaintiff was erroneous;
and third, that there was no proof that the payee of the
note ever delivered it to the plaintiff, and therefore it must
be presumed that he had no right to take judgment or begin
suit on it.

No one of these reasons is justified by the law or the
facts. The third does not merit particular notice. The
*prima facie* presumption exists that a person beginning a
suit on a promissory note and producing it indorsed in blank,
took it before maturity for value and without notice of de-
fense. The indorsement, it is true, does not appear in the
transcript of the note in the record, but it was sworn to by
Steele and is not denied.

The refusal of the additional pleas was justified.

When the discretion of the court was used in favor of

the defendant to stay the execution and allow pleas, the defendant should, in justice to the plaintiff, have pleaded to the merits, if he had any defense.

The plea presented did not go to the merits. If the note had been the joint note of the defendant and Frye and Wallem, it would have been, under our statute, joint and several (Rev. Statutes, chapter 76, section 3), and by the Act of June 4, 1905, in relation to Negotiable Instruments, section 2, "persons severally liable upon promissory notes may all or any of them severally be included in the same suit at the option of the plaintiff, and judgment rendered in said suit shall be without prejudice to the rights of the several defendants between themselves." See opinions in Williams v. Kirby, 81 Ill. App., 154.

If a demurrer had been filed to the plea in abatement it must have been sustained. But if it had been, there would have been no abuse of discretion in refusing leave to plead over. As we have said, when by the grace of the court the defendant was allowed to plead, although judgment had already been entered, it should have been recognized that he was to plead in good faith to the merits. As he did not, and chose to plead in abatement a demurrable plea, which instead of demurring to, plaintiff chose to reply to, raising an immaterial issue, we do not think that the court erred or abused its discretion in preventing further delay by forbidding the issues to be entirely changed when the matter was called for trial more than five weeks after the first plea was filed.

Dilatory pleas in abatement are not to be encouraged by allowing defendants to plead over when defeated on them. Italian-Swiss Agricultural Colony v. Pease, 194 Ill., 98–101–102.

The pleas in bar could not have been properly joined with the plea in abatement in any event. They would have waived the plea in abatement. Greene v. Masten, 66 Ill. App., 345.

If defendant chose to object to the note presented as variant from the declaration on his theory, he could have

raised his alleged point in that way, but the point, even if held in his favor, would have only necessitated a formal amendment of the declaration.

We think, as we have said, the issue tendered by the defendant's plea was immaterial.

In any event, however, the plaintiff fully sustained his traverse of it in his replication.

The note in question on inspection must be held to be *prima facie* the note of the Northeastern Coal Co. alone, in accordance with the cases cited, and for the reasons given, for holding the note involved in the similar case of Derby v. Gustafson, 131 Ill. App., 281, the note of the Double Use Mitten Co. solely. Scanlan v. Keith, 102 Ill., 634; Reed v. Fleming, 209 Ill., 390; Miers v. Coates, 57 Ill. App., 216; Fisk v. Carbonized Stone Co., 67 Ill. App., 327.

As in the case of Derby v. Gustafson, so in the case at bar, if there were any doubt from the face of the note that Frye and Wallem signed the note only as officers of the corporation, the attendant facts and circumstances shown by the record in connection with the note itself, show clearly that it is the obligation of the corporation alone. The evidence was competent for that purpose. LaSalle Nat'l Bank v. Tolu Rock & Rye Co., 14 Ill. App., 141, and cases therein cited.

Such a quotation as counsel makes from Frye's testimony on page 14 of his brief, without reference to the immediate correction of it afterwards, is unjustifiable.

It is perfectly plain from the testimony that the note was intended solely as the corporation's obligation.

The cause is remanded to the Circuit Court with instructions to amend the judgment of July 16, 1906, by substituting for the words, "Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant his said damages of $862.83 in form as aforesaid by the jury assessed, together with his costs and charges in this behalf expended, and have execution therefor," the following words: "Therefore it is considered by the court that the judgment entered herein on May 14, 1906, in favor

of plaintiff and against defendant for $862.83 and costs stand in full force and effect as of the time of its rendition, and that the plaintiff have execution thereon." Neither party is to recover costs in this court.

*Remanded with directions as to amendment of judgment.*